L. Allen KING, Jr., Plaintiff, Appellant,

v.

MANNESMANN TALLY CORP.,
Defendant, Appellee.

No. 87–1693.

United States Court of Appeals,
First Circuit.

April 4, 1988.

Before BREYER, TORRUELLA, and
SELYA, Circuit Judges.

## MEMORANDUM AND ORDER

The appellant is a former sales representative for the appellee which manufactures and distributes, *inter alia,* line printers. The appellant was an at-will employ-

ee. The appellant was discharged in April 1985 and later brought suit against the appellee for commissions which the appellant claimed were due and owing. The district court granted the appellee's motion for summary judgment. The appellant appealed.

The appellee has moved for summary disposition. Loc.R. 27.1. We have reviewed the record below and the appellant's brief on appeal. We agree with the district court that, even assuming for purposes of the summary judgment motion that the appellant's discharge was unjustified, he failed to proffer evidence, sufficient to go to a jury, that indicates he is entitled to recovery under the laws of Massachusetts.

Massachusetts caselaw holds that an at-will employee, who is discharged without just cause, may recover commissions, based on past services, which the employee would have received had he not been discharged. *Fortune v. National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251 (1977); *Gram v. Liberty Mutual Ins. Co.,* 384 Mass. 659, 429 N.E.2d 21 (1981) (*Gram I*); *Maddaloni v. Western Mass. Bus Lines, Inc.,* 386 Mass. 877, 438 N.E.2d 351 (1982); *Gram v. Liberty Mutual Ins. Co.,* 391 Mass. 333, 461 N.E.2d 796 (1984) (*Gram II*). In the present case, the following facts are undisputed. The appellant was part of a team seeking to have Digital Equipment Corporation (Digital) purchase the appellee's line printers. Pursuant to the appellant's compensation plan, he would receive a commission, the amount of which was tied to the amount of sales. Fifth percent of the commission would be awarded at the time that the order for line printers was booked and the remaining fifty percent awarded at the time that the line printers were shipped. In January 1985, the appellant was placed on probation.[1] On or about April 10, 1985, Digital decided to name the appellee as its vendor of line printers and communicated this decision to some level of management within the ap-

[1]. The appellee alleges that the appellant was placed on ninety days probation due to poor performance. The appellant disputes that his performance was poor. There is no dispute, however, that the appellant was placed on probation and the reasons for that placement is not pertinent to our decision.

pellee organization. The appellee terminated the appellant on April 16, 1985, effective April 23, 1985, and agreed to pay the appellant's commissions for bookings or shipments through April 30, 1985.

Subsequent to the April decision by Digital to select the appellee as a vendor, there ensued a long period of negotiation of a Basic Order Agreement between Digital and the appellee. That agreement was signed on December 9, 1985 and did not obligate Digital to purchase any products, but set forth the terms and conditions of whatever products Digital did order. Digital had, in fact, ordered some line printers in October 1985.

The appellant's claim for commissions essentially rests on his role in getting the appellee named as Digital's vendor of line printers. Massachusetts caselaw requires, however, that the commissions to which an at-will employee claims entitlement be clearly related to the employee's past service. *Gram v. Liberty Mutual Ins. Co.*, 384 Mass. at 672, 429 N.E.2d 21. Pursuant to the appellant's compensation plan, however, he was not entitled to receive a commission for having succeeded, either through his sole efforts or, as apparently happened here, as part of his employer's team, in getting the appellee named as Digital's vendor. The appellant was entitled to commissions upon the booking and the shipping of the appellee's line printers. Those events did not occur until months after the appellant's discharge and subsequent to a long period of negotiation which also occurred after the appellant's discharge. The appellant essentially is seeking recovery for the loss of future income which is insufficiently reflective of his past services; *i.e.*, he has failed to show that the commissions were *earned*, even though not yet payable at the time of his termination. *See McCone v. New England Telephone & Telegraph Co.*, 393 Mass. 231, 234–35, 471 N.E.2d 47 (1984). Under Massachusetts caselaw, an at-will employee, discharged in bad faith, is not entitled to lost wages and fringe benefits unrelated to past services. *Maddaloni v. Western Mass. Bus Lines, Inc.*, 386 Mass. at 884, 438 N.E.2d 351. Although such an employee may not be deprived of money that he had fairly earned and legitimately expected, he is not entitled to benefits which he neither contemplated nor were included in his compensation contract. *Id.* We also note that the Massachusetts Supreme Judicial Court has said that "[t]he recovery allowed [to the plaintiff in *Gram I*] pressed to the limit the recovery allowed to an at-will employee discharged without cause." *Gram v. Liberty Mutual Ins. Co.*, 391 Mass. at 335, 461 N.E.2d 796.

We need go no further. The district court was extremely solicitous of appellant's rights and gave him liberal opportunities to make out some cognizable showing of a genuine issue as to a *material* fact. None was forthcoming. As the district court recognized, defendant was entitled to judgment as a matter of law. Fed. R.Civ.P. 56.

*The motion for summary disposition is granted and the judgment of the district court is affirmed. Loc.R. 27.1.*